UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00066-GNS

JOHN SMITH (f/k/a MUHAMMAD IRFAN SAFI)                    PLAINTIFF

v.

JEH JOHNSON, in his official capacity as
United States Secretary of Homeland Security, et al.       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 10). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED.**

## I. BACKGROUND

This action is brought seeking judicial review of an allegedly unreasonable delay of the ongoing review of the naturalization application filed by Plaintiff John Smith f/k/a Muhammad Irfan Safi ("Smith"). (Compl. ¶ 3, DN 1). Smith first filed his application with the United States Immigration Services ("USCIS") on January 20, 2015. (Compl. ¶ 30). On October 7, 2015, USCIS scheduled a naturalization interview with Smith. (Compl. ¶ 38). On October 28, 2015, Smith's naturalization interview was cancelled. (Compl. ¶ 39). As of yet no interview has been re-scheduled, and USCIS is continuing to wait on Smith's background check on his previous name, Muhammad Irfan Safi. (Kammerer Decl. ¶ 15, DN 10-2; Donovan Decl. ¶ 29, DN 10-3). The background check on Muhammad Iran Safi was received by the Federal Bureau of

Investigation ("FBI") on November 17, 2015 and is currently pending. (K. Donovan Decl. ¶ 29). On February 5, 2016, Smith filed this action seeking review from this Court.

## II. STANDARD OF REVIEW

There are two categories of motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial attacks and factual attacks. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the court's subject matter jurisdiction based upon the sufficiency of the pleadings. In considering a facial attack, a court will consider the material allegations of fact set forth in the complaint as being true and construe them in a light most favorable to the nonmoving party. *See id*. A factual attack challenges the court's subject matter jurisdiction based upon the facts as alleged in the pleadings, and instead of presuming the allegations of fact in the complaint to be true, the court will weigh the conflicting evidence to determine whether the proper jurisdiction exists. *See id*.

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it

tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### III. DISCUSSION

Smith seeks review of USCIS' allegedly unreasonable delay in reviewing his naturalization application under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, and the Mandamus Act, 28 U.S.C. § 1361. (Compl. ¶ 3). This Court has jurisdiction to adjudicate naturalization applications in only limited circumstances. Specifically, if an interview is conducted with an applicant, the Court may have jurisdiction if the process is not completed within 120 days of the date of the interview. *See Hani v. Gonzales*, No. 3:07-CV-517-S, 2008 WL 2026092, at *3 (W.D. Ky. May 8, 2008) (citing 8 U.S.C. § 1447(b)). On the other hand, when an interview has *not yet* taken place, the Court does not have subject matter jurisdiction under either the Mandamus Act or under the APA. *See id.* at *3 (citations omitted). Smith does not dispute that an interview has not taken place. Instead, Smith simply protests the length of time the USCIS is taking to process his application.[1]

The USCIS, however, *cannot* interview Smith until his background check has been completed by the FBI. *See* 8 C.F.R. § 335.2(b) ("USCIS will notify applicants for naturalization to appear before a USCIS officer for initial examination on the naturalization application only after the USCIS has received a definitive response from the [FBI] . . . that a full criminal background check of an applicant has been completed."). As this Court has previously noted, "[n]either the USCIS nor the FBI have a nondiscretionary duty to complete [] name checks

---

[1] Smith contends this Court cannot determine subject matter jurisdiction at this time because the Defendants' argument under Rule 12(b)(1) amounts to a factual, rather than facial attack. (Pl.'s Resp. to Mot. to Dismiss 3, DN 3). This argument has no merit. Even assuming all statements in the Complaint are true, this Court does not have jurisdiction because it is undisputed no interview with USCIS has taken place. This constitutes a ruling on the face of the complaint, rather than any attack on the merits. *See Hani*, 2008 WL 2026092, at *3; *Richie*, 15 F.3d at 598.

3

within a prescribed period of time." *Hani*, 2008 WL 2026092, at *3 (citation omitted). Smith has not alleged his background check has been completed. Therefore, at this point in time USCIS cannot conduct an interview. *See* 8 C.F.R. § 335.2(b).

Smith's claim is an expression of his frustration with the length of time his FBI background check has taken and the fact his naturalization interview was re-scheduled. As unfortunate as this may be, the Court cannot review this matter until 120 days *after* an interview with USCIS takes place. *See* 8 U.S.C. § 1447(b). Regardless, all information before the Court indicates the USCIS and FBI are proceeding with Smith's application in a timely fashion. (Donovan Decl. ¶ 29). The delay in processing Smith's application appears to relate to the FBI's need to conduct a background check on two separate names—"John Smith" and "Muhammad Irfan Safi."[2] (Kammerer Decl. ¶ 15; Donovan Decl. ¶ 29). This case is in stark contrast to the situation faced by other courts in this jurisdiction which considered jurisdiction over an application delayed by *six years* due to incompetence by USCIS staff. *See Ibrahim v. USCIS*, No. 10-14520, 2011 WL 3426191, at *1-2 (E.D. Mich. Aug. 5, 2011) (multiple delays over a six year period, partially due to the USCIS losing plaintiff's file). Despite the *Ibrahim* court's "considerable reluctance," the court determined it did not have jurisdiction over the claim for similar reasons as those illustrated above. *See id*. at *1-5. On this basis, Defendants' motion to dismiss will be granted for lack of subject matter jurisdiction.

---

[2] The investigation into the latter name began on November 17, 2015. (Donovan Decl. ¶ 29).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Defendants' Motion to Dismiss (DN 10) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 25, 2016

cc: counsel of record